## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 24-5742 FMO (PVCx)** | Date | **October 30, 2024** |
| Title | **Elaine Lee v. Mercedes-Benz USA, LLC** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):        Attorney Present for Defendant(s):

None Present                None Present

**Proceedings:        (In Chambers) Order Re: Motion to Remand  [14]**

On May 23, 2024, Elaine Lee ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Mercedes-Benz USA, LLC ("defendant" or "Mercedes-Benz"), asserting, among others, breach of warranty claims under the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Complaint).  Plaintiff's claims arise out of the purchase of a 2022 Mercedes-Benz E Class ("subject vehicle") in August 2022, (see Dkt. 1-1, Complaint at ¶ 3), which she alleges contained numerous defects.  (See id. at ¶ 6).  Plaintiff alleges that defendant "must refund the price" of the subject vehicle, (see id. at ¶ 24), and that she is entitled to restitution.  (See id. at ¶ 25).  She further alleges that she "has sustained, and continues to sustain, actual, incidental and consequential damages in an amount in excess of $35,000."  (Id. at ¶ 26).  Additionally, plaintiff alleges that defendant's conduct was "willful," (id. at ¶ 27), thus entitling her to "a civil penalty of two times the amount of her actual damages."  (Id. at ¶ 28).

Defendant removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332.  (See Dkt. 1, NOR at ¶¶ 4-12).  Now pending is plaintiff's Motion to Remand (Dkt. 14, "Motion").  Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-5742 FMO (PVCx)** | Date | **October 30, 2024** |
|---|---|---|---|
| Title | **Elaine Lee v. Mercedes-Benz USA, LLC** | | |

must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

///

///

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 547 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-5742 FMO (PVCx)** | Date | **October 30, 2024** |
|----------|---------------------------|------|----------------------|
| Title | **Elaine Lee v. Mercedes-Benz USA, LLC** | | |

    Having reviewed the allegations in the Complaint and the evidence submitted with the NOR and the Opposition to the Motion, (see Dkt. 1-2, Retail Installment Sale Contract); (Dkt. 18, Defendant's Opposition to Plaintiff's Motion for Remand at 1-8); (Dkt. 1, NOR), the court finds that defendant has established that the court has diversity jurisdiction.

    **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

    Based on the foregoing, IT IS ORDERED that plaintiff's Motion to Remand **(Document No. 14)** is **denied**.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | vdr | |